IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENDRICK MACK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 24-00369-JB-N |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Defendant United Parcel Service, Inc.'s Motion for Judgment on the Pleadings and incorporated brief in support thereof (Doc. 23), Plaintiffs' Response (Doc. 27) and Defendant's Reply (Doc. 29). After consideration of the record and for the reasons set forth hereinbelow, Defendant's motion is **DENIED**.

**I.    Factual and Procedural Background**

On October 7, 2024, Plaintiffs, Kendrick Mack, Renicia Reed, Trayvond Cooper, Brian Russell, Diai Raheem, David Bassa, and Marquiesta Evans (collectively "Plaintiffs") filed a complaint against Defendant, United Parcel Service Inc. ("UPS") asserting claims for race discrimination pursuant to 42 U.S.C. § 1981 and Title VII. (Doc. 1). According to the Complaint, Plaintiffs are all Black employees who have been subject to ongoing, systemic, and unlawful race discrimination during their employment and under the supervision of Caleb Ashcraft, a white manager. (*Id.*). Shortly after filing its Answer (Doc. 21), Defendant filed the instant Motion for Judgment on the Pleadings and incorporated brief (Doc. 23). Therein, Defendant argues that

Plaintiffs' complaints simply restate their grievances which were previously adjudicated under the Framework of the Collective Bargaining Agreement ("CBA"), and can only be filed as ULPs (unfair labor practice charge) with the National Labor Relations Board ("NLRB"). (Doc. 23). In short, Defendant contends that because the Complaint alleges violations of the CBA, this action is under the exclusive jurisdiction of the NLRB per what is known as the *Garmon* pre-emption doctrine. (*Id*.). Alternatively, Defendant seeks dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs argue that this action does not ask this Court to interpret or enforce the CBA and oppose the application of the *Garmon* pre-emption doctrine. Additionally, they argue they have properly stated claims upon which relief can be granted. (Doc. 27).[1] A hearing was held on March 12, 2025, and the matter is ripe for adjudication.

II. **Legal Standard**

A party may file a motion for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. Fed.R.Civ.P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (citing Fed.R.Civ.P.12(c)). The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *U.S. v. Bahr*, 275 F.R.D. 339, 340 (M.D. Ala. June 22, 2011). The main difference between the motions is that a motion for judgment on

---

[1] The majority of Plaintiffs' response deals with the ability of Defendant to compel arbitration of their race-based claims. However, Defendant does not seek to compel arbitration, and the Court will not address that issue in this order.

the pleadings is made after an answer and that answer may also be considered in deciding the motion. (*Id*.)

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotations omitted). The Court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims." *Id*. at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III.    Analysis**

**A.  The *Garmon* Preemption Doctrine and Judgment on the Pleadings**

There is no dispute here, that five of the named plaintiffs were members of the International Brotherhood of Teamsters ("Union") or that a CBA between the Union and the Defendant governs their employment. As a result, the relevant dispute is whether Plaintiffs claims are barred by the doctrine set forth in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), (the "*Garmon* preemption" doctrine).

3

The United States Supreme Court has recognized that Congress implicitly mandated two types of pre-emption necessary to implement federal labor policy. *Chamber of Commerce of U.S. v. Brown*, 554 U.S. 60, 128 S.Ct. 2408, 171 L.Ed.2d 264 (2008). Relevant here, the *Garmon* pre-emption, "is intended to preclude state interference with the National Labor Relations Board's interpretation and active enforcement of the 'integrated scheme of regulation' established by the NLRA." *Id*. at 65 quoting *Golden State Transit Corp. v. Los Angeles*, 475 U.S. 608, 613, 106 S.Ct. 1395, 89 L.Ed.2d 616 (1986) *(Golden State I)*. As such, *Garmon* pre-emption forbids States to "regulate activity that the NLRA protects, prohibits, or arguably protects or prohibits." *Id*. quoting *Wisconsin Dept. of Industry v. Gould Inc.*, 475 U.S. 282, 286, 106 S.Ct. 1057, 89 L.Ed.2d 223 (1986).

While the Court appreciates Defendant's efforts to persuade it otherwise, the Court is not compelled by Defendant's position. First, and importantly, on its face, *Garmon* pre-empts state causes of action which arguably conflict with the NLRA. This case, however, only asserts federal causes of action and as a result, it falls outside the traditional scope of *Garmon* pre-emption. Second, the Eleventh Circuit has yet to determine whether the *Garmon* preemption doctrine applies to pre-empt federal causes of action brought pursuant to either § 1981 or Title VII. As a result, there is no binding authority on the application of the *Garmon* pre-emption doctrine to cases similar to this one. Third, a review of non-binding authority dissuades rather than compels the result the Defendant seeks. According to Defendant, at least one circuit, the First, has applied *Garmon* to Title VII claims. *See Morgan v. Mass. Gen. Hosp.*, 901 F.2d 186, 194 (1st Cir. 1990). However, the Fifth Circuit has held that Title VII[2] and ADEA claims are not preempted by the NLRA

---

[2] See *Guerra v. Manchester Terminal Corp.,* 498 F.2d 641, 658 (5th Cir.1974), *overruled on other grounds by Bhandari v. First Nat'l Bank of Commerce,* 829 F.2d 1343 (5th Cir.1987), *vacated,* 492 U.S. 901, 109 S.Ct. 3207, 106 L.Ed.2d 558

4

and the Ninth Circuit has held that Garmon never applies to non-NLRA federal claims. *See Britt v. Grocers Supply Co.*, 978 F.2d 1441, 1447 (5th Cir. 1992); *Smith v. Nat'l Steel & Shipbuilding Co.*, 125 F.3d 751, 756 (9th Cir. 1997). At least one District Court within the Sixth Circuit has also determined *Garmon* does not apply to Title VII claims. *See Flanigan v. Westrock Services, LLC*, 704 F.Supp.3d 80 (N.D. Ohio November 29, 2023). Finally, a number of circuits have rejected the application of *Garmon* when the NRLA potentially conflicts with another federal statute. *See Smith*, at 755 (citations omitted) (discussing circuits that have determined *Garmon* was inapplicable when the NLRA conflicts with other federal statutes.).

Without binding authority that *Garmon* applies to federal actions similar to the instant case, this Court is not inclined to find the doctrine warrants dismissal of Plaintiffs' claims here. Moreover, the Court finds the analysis by its sister courts who have determined *Garmon* does not bar the federal claims alleged here to be well reasoned. Here, Plaintiffs have asserted claims under Title VII, which provides for an independent federal remedy. Although Plaintiff's claims revolve around facts which relate to the CBA, the Complaint clearly sets forth that the actions of the Defendant were motivated by race. As a result, this Court finds Plaintiffs' claims are not subject to dismissal based on *Garmon*.[3]

---

(1989), *reinstated on remand,* 887 F.2d 609 (5th Cir.1989), *cert. denied,* 494 U.S. 1061, 110 S.Ct. 1539, 108 L.Ed.2d 778 (1990).

[3] It is worth noting that even if *Garmon* did apply, there is no dispute that not all of the Plaintiffs are members of the union and Defendant's position that those claims should, likewise, be dismissed is even less compelling.

### B. Rule 12(b)(6) Dismissal

Defendant alternatively seeks dismissal of Plaintiffs' Cooper, Russell, Bassa, Raheem, Reed, and Evans, claims for failure to state plausible claims for relief under § 1981 and Plaintiff Mack's claims for failure to state a claim under Title VII. (Doc. 23).[4]

Noting the elements of a cause of action under § 1981, Defendant argues that Plaintiffs make conclusory claims that their treatment was raced based which is insufficient to demonstrate that Defendant intended to discriminate on the basis of race (the second element of a claim). (Doc. 23). Defendant additionally argues that the Complaint sets forth a mixed motive theory that their adverse employment actions were driven by either race or were retaliation for engaging in activities under the NRLA. (Doc. 23). As a result, Defendant argues that because Title VII and Section 1981 require a "but-for" causation element, Plaintiffs cannot demonstrate a required element of their claim. (Doc. 23). Plaintiffs have pointed to the Complaint to identify specific facts and actions which they contend support plausible claims. (Doc. 27).

Considering the facts alleged in the Complaint in a light most favorable to Plaintiffs', as this Court must, the Court is satisfied, at this stage, that Plaintiffs have alleged enough facts to avoid dismissal of their claims pursuant to Rule 12(b)(6). More specifically, the Complaint is clear that Plaintiffs are members of a racial minority. Additionally, the Complaint details numerous factual events/actions wherein Plaintiffs were allegedly treated differently than their non-

---

[4] Defendant spends little time in its motion and only a single paragraph in its reply on this issue. As stated in its reply, Defendant contends "Plaintiffs do not assert any facts to support their claims of intentional race discrimination, let alone any factual basis for any discrimination claims that *are independent of protected activity under the NLRA.*" (Doc. 29) (emphasis added). It seems that Defendant would have this Court discount those specific factual allegations which it believes fall under the jurisdiction of the NLRB. The Court, however, has considered the entire Complaint.

minority co-workers or suffered adverse employment actions due to their race. As a result, Plaintiffs' Complaint is not subject to dismissal.

### IV. Conclusion

After consideration of the record and for the reasons set forth herein above, Defendant's motion is **DENIED**.

**DONE and ORDERED** this 28th day of April, 2025.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE